**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OVBOKHAN ADUN ODIASE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:25-cv-206 |
| | ) | Judge Stephanie L. Haines |
| LEONARD ODDO, WARDEN OF | ) | |
| MOSHANNON VALLEY PROCESSING | ) | |
| CENTER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**<u>Memorandum Order</u>**

Petitioner Ovbokhan Adun Odiase ("Petitioner") commenced this case on July 9, 2025, filing, through counsel, a Petition for Writ of Habeas Corpus, ECF No. 1, and a Motion for Emergent Relief, ECF No. 2, with an accompanying Brief in Support, ECF No. 3. Respondents Leonard Oddo (in his official capacity as Warden of Moshannon Valley Processing Center ("Moshannon")), Brian McShane (in his official capacity as Acting Field Office Director of the Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"), Philadelphia Field Office), Kristi Noem (in her official capacity as Secretary of the Department of Homeland Security ("DHS")), and Pam Bondi (in her official capacity as Attorney General of the United States) (collectively, "Respondents"), through counsel, filed a Response Brief in Opposition to Petitioner's Motion on July 17, 2025, ECF No. 9, and Petitioner filed a Reply Brief in Support on July 18, 2025. ECF No. 10. On July 31, 2025, this Court issued an Opinion and Order, ECF Nos. 11, 12, denying Petitioner's Motion for Emergent Relief.

In its July 31st Opinion, the Court assumed, without deciding, that Petitioner had shown that the post-removal detention had surpassed six months but found that Petitioner "failed to

produce evidence demonstrating good cause to believe that there [wa]s no significant likelihood of her removal in the reasonably foreseeable future." ECF No. 11, p. 6.  The Court noted that although four of the five Requests for Acceptance of Petitioner that the ERO had sent to countries including Brazil, France, Jamaica, Japan, and Spain had been denied, the Jamaica Request remained pending. *Id.* at p.7.  Thus, because there remained a significant likelihood of removal in a foreseeable time, Petitioner "failed to satisfy the likelihood-of-success-on-the-merits factor because she ha[d] not met the burden prescribed by *Zadvydas*." *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) ("After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.").

On August 11, 2025, Petitioner filed an Emergency Motion for Discovery, ECF No. 15, and an accompanying Brief in Support.  ECF No. 16.  Therein, Petitioner requests that the Court compel discovery of "[d]ocuments, communications, and other information" that would "resolve factual questions and materially affect resolution of [Petitioner's] claims regarding the likelihood of her removal in the reasonably foreseeable future" but are exclusively in the possession and control of Respondents."[1]  ECF No. 16, pp. 2, 9.  On August 12, 2025, Magistrate Judge Patricia Dodge, to whom the matter had been referred in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D., granted Petitioner's Motion for Discovery and required Respondents to respond to Petitioner's discovery requests by August 18, 2025.  ECF No. 18.  The same day, Respondents filed objections to Judge Dodge's August 12th Order.  ECF No. 19.  On August 13, 2025, Judge Dodge denied Respondents' objections, which she construed

---

[1] This request follows Petitioner's conferral with Respondents wherein Petitioner requested Respondents' position on expedited discovery and Respondents allegedly replied: "Our position on a motion to compel expedited discovery is that we don't consent to that request." ECF No. 16, p. 2.

as a motion for reconsideration, and ordered Respondents to respond to Petitioner's discovery requests by August 19, 2025, reminding Respondents of their ability to assert objections to specific discovery requests. ECF No. 20. Before the Court is Respondents' August 14, 2025, Objections to Judge Dodge's August 13th Order, which reiterated the Objections expressed by Respondents on August 12th. ECF No. 21, p. 3 ("Respondents maintain and herein reassert their Objections filed at Document No. 19 to Petitioner's Motion.").

Respondents object to Judge Dodge's August 13th Order on two primary grounds: (1) "Respondents did not have an opportunity to respond to the Motion before the August 12 Order was entered[,]" ECF No. 19, p. 3, and (2) "Petitioner failed to meet her burden to establish good cause for leave to propound discovery." *Id.* at p. 4. For the reasons stated below, the Court DENIES Respondents' Objections to Judge Dodge's August 13th Order.

## II.    Legal Standard

"Following a magistrate judge's issuance of an order on a non-dispositive matter, the parties may serve and file objections to the order within 14 days of being served with a copy of the order." *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing Fed. R. Civ. P. 72(a)); *see also Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) (treating a magistrate's ruling on a discovery matter as non-dispositive). "If a party objects to a magistrate judge's order regarding a non-dispositive matter, the district court 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *EEOC*, 866 F.3d at 99 (quoting Fed. R. Civ. P. 72(a)). That standard requires the district court "to review findings of fact for clear error and to review matters of law de novo." *Id.* (emphasis removed). "It is undisputed that the proper standard of review for discovery orders is the 'clearly erroneous or contrary to law standard.'" *Haines*, 975 F.2d at 92. Moreover, "it is the

3

party filing the notice of appeal who bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Sanchez v. Silbaugh*, No. 20-CV-1005, 2022 WL 16950426, at *1 (W.D. Pa. Nov. 15, 2022).

## III. Analysis

The Court begins by stressing that it "'is well settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues.'" *Johnson v. Lasko*, No. 1:20-cv-149, 2022 WL 1063051, at *2 (W.D. Pa. Mar. 8, 2022) (quoting *Bracey v. Harlow*, No. 1:11-cv-4, 2013 WL 2253576, at *1 (W.D. Pa. May 22, 2013)).

Here, Respondents' first objection to Judge Dodge's August 12th Order, that they "did not have an opportunity to respond to the Motion before the August 12 Order was entered[,]" ECF No. 19, p.3, pertains primarily to Judge Dodge's management of her docket. In support of this objection, Respondents merely cite Petitioner's Motion for Discovery. ECF No. 19, p. 2 (citing ECF No. 16, p. 3) ("[Petitioner's] Motion also acknowledged that Respondents would have an opportunity to respond before a decision was reached on her request to authorize discovery."). Petitioner, in this "acknowledgement" which is cited as authority by Respondents, points to Judge Dodge's Practices and Procedures to note that Respondents would have 14 days to respond to a non-dispositive motion. ECF No. 16, p. 3 (citing PRACTICES AND PROCEDURES OF MAGISTRATE JUDGE PATRICIA L. DODGE (updated as of September 1, 2022), https://www.pawd.uscourts.gov/sites/pawd/files/Dodge_Practices_22.pdf).

Indeed, Judge Dodge's Policies and Procedures provide that "[u]nless a separate Order is issued, responses to non-dispositive motions shall be filed within fourteen (14) days of service . . . ." Yet, Respondents have not articulated any way in which this policy or any other authority expressly *requires* Judge Dodge to afford them a fourteen-day window to respond to Petitioner's

Motion for Discovery rather than merely establish the time frame in which responses are typically due to non-dispositive Orders when Judge Dodge permits such filings. Because Respondents have failed to point to any authority other than the opposing party's brief to contend that Judge Dodge's decision not to permit responsive filings was "clearly erroneous or contrary to law[,]" Respondents have failed to carry their burden regarding their first objection to Judge Dodge's August 12th Order. *Sanchez v. Silbaugh*, No. 20-CV-1005, 2022 WL 16950426, at *1 (W.D. Pa. Nov. 15, 2022).

While Respondents' first objection pertains primarily to Judge Dodge's management of her docket, Respondents' second objection pertains solely to her decision regarding discovery matters—a determination which also is discretionary in nature and subject to the 'clearly erroneous or contrary to law standard. *See Haines*, 975 F.2d at 92. Respondents object that "Petitioner failed to meet her burden to establish good cause for leave to propound discovery." ECF No. 19, p. 4. Yet, Respondents have proffered no bases upon which they may rest their conclusion that Judge Dodge's August 12th Order granting discovery was clearly erroneous or contrary to law.

Respondents correctly assert that "[a] habeas petitioner, unlike a usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); ECF NO. 19, p. 3. But,

> [W]here specific allegations before the court show reason to believe that the petitioner may, if facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.

*Harris v. Nelson*, 394 U.S. 286, 300 (1969). In other words, "[a] habeas petitioner may satisfy the 'good cause' standard [entitling him or her to an authorization to conduct discovery] by

setting forth specific factual allegations which, if fully developed, would entitle him or her to the writ." *Han Tak Lee v. Glunt*, 667 F.3d 397, 404 (3d Cir. 2012) (quoting *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011)).

In its July 31st Opinion, this Court assumed, without deciding, that Petitioner had shown that the post-removal detention had surpassed six months but found that Petitioner "failed to produce evidence demonstrating good cause to believe that there [wa]s no significant likelihood of her removal in the reasonably foreseeable future." ECF No. 11, p. 6. The Court noted that there remained a significant likelihood of removal in a foreseeable time, in part, due to the fact that the Request for Acceptance of Petitioner that the ERO sent to Jamaica was still pending.

At issue here, Petitioner alleges, in her Motion for Discovery, is that she has both (1) been detained for the requisite six months and (2) upon discovery, may be able to demonstrate that the Request for Acceptance of Petitioner issued to Jamaica is no longer outstanding—was denied—or similar facts sufficient to render there no likelihood of her removal in the reasonably foreseeable future. ECF No.16, pp. 8-9. From these facts Judge Dodge could reasonably conclude, in her discretion, that Petitioner is entitled to conduct discovery. Because Judge Dodge reasonably exercised her discretion in determining that Petitioner demonstrated "good cause," entitling her to conduct discovery, and Respondents' failed to carry their burden of demonstrating that Judge Dodge's decision was clearly erroneous or contrary to law, *see Silbaugh*, 2022 WL 16950426, at *1, the Court DENIES Respondents Objections at Nos. 19 and 21.[2]

Accordingly, the Court enters the following Order:

---

[2] Upon review of the Objections raised by Respondents, the Court finds that Judge Dodge has handled this matter in a reasonable, appropriate, and highly professional fashion.

**AND NOW**, this _____15th_____ day of August, 2025, **IT IS HEREBY ORDERED** that

Respondents' Objections at ECF Nos. 19 and 21 are **DENIED** and the relevant decisions of

Magistrate Judge Patricia L. Dodge in this matter are **AFFIRMED**.

SO ORDERED and DATED this 15th of August 2025.

BY THE COURT:

STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE

7