IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OVBOKHAN ADUN ODIASE, | |
| Petitioner, | Civil Action No. 25-206 |
| v. | |
| LEONARD ODDO, WARDEN OF MOSHANNON VALLEY PROCESSING CENTER, et al., | Magistrate Judge Patricia L. Dodge |
| Respondents. | |

**STIPULATED PROTECTIVE ORDER**

AND NOW, to wit, this 25th day of August, 2025, upon consideration of the Consent Motion for Protective Order and upon consideration of the grounds stated therein, and whereas the parties have stipulated that certain discovery material be treated for the purposes of this litigation as confidential or Attorney's Eyes Only, it is hereby ORDERED that the Motion is GRANTED, and it is FURTHER ORDERED:

1. <u>Designation of Discovery Materials as Confidential or Attorney's Eyes Only</u>. All documents produced in the course of discovery, all Answers to Interrogatories or Requests for Admission, and all deposition testimony and deposition exhibits shall be subject to this Order concerning Confidential and Attorney's Eyes' Only information, as set forth below:

(a) The designation of Confidential or Attorney's Eyes' Only information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

(b)     Material is "Confidential" under this order when a party has a good faith belief that it contains (i) sensitive personally identifying information, including without limitation alien registration numbers, social security numbers, financial information; current or past home addresses, email addresses and telephone numbers; including those associated with Petitioner, her immediate families, or Respondents; (ii) information protected from disclosure by the Privacy Act of 1974, 5 U.S.C. § 552a; or (iii) information kept confidential pursuant to law or regulation. Should a party designate an item as confidential under Subsection iii, it shall, upon request, identify the law or regulation under which it believes the information is confidential if the opposing party will use the document in a public filing.

(c)     Material is "Attorney's Eyes' Only" under this order when a party has a good-faith belief that it contains sensitive government information, including law enforcement sensitive operation, or if the producing party reasonably and in good faith believes disclosure to non-qualified people under subsection (g) would likely cause harm to people or operations.

(d)     Portions of depositions shall be deemed Confidential or Attorney's Eyes' Only if they are designated as such when the deposition is taken or within seven (7) business days after receipt of the transcript and only to the extent they contain material designated as Confidential or Attorney's Eyes' Only. Any testimony that describes material designated as Confidential or Attorney's Eyes' Only shall also be deemed to be designated as "CONFIDENTIAL" or "ATTORNEY'S EYES' ONLY."

(e)     Material designated as Confidential or Attorney's Eyes' Only under this Order shall not be disclosed by the parties or counsel for the parties or any persons identified

in subparagraph (f) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(f)     The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as Confidential or Attorney's Eyes' Only under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

  (i)     Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

  (ii)    Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

  (iii)   Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

  (iv)    Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing

to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(g)  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as Attorney's Eyes' Only under this Order to any other person or entity, except that disclosures may be made to those designated under subsection (f)(i) or, for the purposes of a deposition, a person with direct knowledge of the document.

(h)  Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as Confidential or Attorney's Eyes' Only which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(i)  All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as Confidential or Attorney's Eyes' Only under this Order or any portion thereof shall be immediately affixed with the word "CONFIDENTIAL" or "ATTORNEY'S EYES' ONLY" if those words do not already appear.

2.  <u>Confidential or Attorney's Eyes' Only Information Filed with Court</u>. To the extent that any materials designated as Confidential or Attorney's Eyes' Only under this Protective Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, the portions of those materials containing Confidential or Attorney's Eyes' Only information shall be redacted by the filing party. Non-redacted versions shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion to seal pursuant to LCvR 5.2(H), in accordance with the current version of the Court's

Electronic Filing Requirements and Procedures for Civil Cases. Even if the filing party believes that the materials designated as Confidential or Attorney's Eyes' Only are not properly classified as Confidential or Attorney's Eyes' Only, the filing party shall file the motion to seal; provided, however, that the filing of the motion to seal shall be wholly without prejudice to the filing party's rights under paragraph (3) of this Protective Order.

3. Challenging Designation of Confidentiality.  A designation of Confidentiality or Attorney's Eyes' Only may be challenged upon motion at any time. The burden of proving the Confidentiality or Attorney's Eyes' Only designation is warranted remains with the designating party. Before filing such a motion, the Parties will meet and confer within 5 business days of the request of the moving party.

BY THE COURT:


/s/ Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE