IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OVBOKHAN ADUN ODIASE, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 3:25-206 |
| ) | |
| v. ) | Judge Stephanie L. Haines |
| ) | Magistrate Judge Patricia L. Dodge |
| LEONARD ODDO, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM ORDER

For the following reasons, the Motion to Compel Full and Complete Discovery Responses (ECF 46) filed by Petitioner Ovbokhan Adun Odiase is denied.

**I.     Relevant Background**

Ms. Odiase is a native and citizen of Nigeria who has lived in the United States since 2020. An Immigration Judge ("IJ") has found her removable under 8 U.S.C. § 1227(a)(1)(B). The IJ has also granted her withholding of removal to Nigeria on humanitarian grounds. The Department of Homeland Security ("DHS") and Ms. Odiase waived the appeal of the IJ's decision, making the decision administratively final.

Ms. Odiase is in the custody of Immigration and Customs Enforcement ("ICE") at Moshannon Valley Processing Center ("Moshannon") under the post-removal detention provision of the Immigration and Nationality Act, which is codified at 8 U.S.C. § 1231(a). On July 9, 2025, she commenced this action by filing the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF 1) in which she raises two grounds for relief.[1] In Count I, Ms. Odiase contends that

---

[1] Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, which also applies to habeas cases filed under § 2241, requires that a habeas petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." *See Footnote continue on next page…*

she has no valid travel documents and ICE has not identified another country to which it might seek to remove her. Thus, she claims that there is no significant likelihood of her removal in the reasonably foreseeable future and, therefore, her detention violates § 1231(a) and her Fifth Amendment right to substantive due process, as explained in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In Count II, Ms. Odiase claims that ICE violated her procedural due process rights by repeatedly failing to provide her with a 90-day custody review as required by the applicable regulations.

On the same date that she filed the Petition, Ms. Odiase also filed a motion for emergency injunctive relief. (ECF 2). In their response to this motion, Respondents contended that Ms. Odiase's "detention accords with 8 U.S.C. § 1231(a)(6) and does not violate her due process rights." (ECF 9 at 7.) As to Count I, Respondents explained that ICE's Enforcement and Removal Operations ("ERO") has engaged in good-faith efforts to effect Ms. Odiase's removal, including sending Requests for Acceptance of Alien in January 2025 to Brazil, France, Japan, Jamaica, and Spain and that the request to Jamaica was outstanding, while the remaining requests were denied. Respondents also asserted, with respect to Count II, that Odiase "has received the custody review required under 8 C.F.R. § 241.4." (*Id.* at 10.)

On July 31, 2025, the Court issued an opinion (ECF 11) and order (ECF 12) denying Odiase preliminary injunctive relief. Relevant to Count I, the Court found that Odiase "failed to produce evidence demonstrating good cause to believe that there is no significant likelihood of her removal

---

*also Mayle v. Felix*, 545 U.S. 644, 649 (2005) ("In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [the petitioner]' and to "state the facts supporting each ground."); *id.* at 656 ("Notice pleading is not sufficient[.]")

2

in the reasonably foreseeable future." (ECF 11 at 6.) "Conversely," the Court explained, "Respondents sufficiently argue that there is a significant likelihood of removal in the reasonably foreseeable future[,]" noting that the Request for Acceptance of Ms. Odiase that the ERO sent to Jamaica was still pending. (*Id.*) In support of these conclusions, the Court cited to evidence that Respondents attached to their brief opposing Ms. Odiase's request for injunctive relief, including the declaration of her ICE Deportation Officer, Alassane Coulibaly. (*Id.* at 6-7.) With respect to Count II, the Court held that Ms. Odiase failed to show a likelihood of success on the merits of this claim because, as attested to by Officer Coulibaly, she had her 90-day custody review on July 9, 2025. (*Id.* at 9.)

Thereafter, the Court referred this case to this magistrate judge. On August 11, 2025, Ms. Odiase filed an emergency motion to authorize discovery. (ECF 15). Odiase asserted that "ICE claims that it is attempting to remove [her] to a country other than Nigeria and that her removal is reasonably foreseeable, but has produced no evidence to support those claims, other than a low-level ICE officer's declaration rife with hearsay and speculation, and no citations to records or other evidence." (ECF 16 at 1.) She also asserted that "[b]ased on currently available information and historical data, ICE will likely never find another country willing to accept [her], and she is therefore facing indefinite detention and separation from her two young children in violation of the law." (*Id.*)

This magistrate judge granted Ms. Odiase's discovery motion the next day. (ECF 18.) Respondents objected to this order, asserting that they should have had an opportunity to respond to the motion and that Ms. Odiase was not entitled to any discovery. (ECF 19, 21.) This magistrate judge then advised the parties that although Ms. Odiase was permitted to serve interrogatories and requests for production of documents on Respondents, they could assert any objection to specific

3

discovery requests as appropriate and that, if Ms. Odiase was not satisfied with Respondents' responses, she then could file a motion to compel. (ECF 20.)

On August 15, 2025, the Court denied Respondents' objections to this magistrate judge's discovery order. (ECF 22.) As the Court observed, "upon discovery, [Odiase] may be able to demonstrate that the Request for Acceptance of [Ms. Odiase] issued to Jamaica is no longer outstanding—was denied—or similar facts sufficient to render there no likelihood of her removal in the reasonably foreseeable future." (*Id.* at 6.)

A few days later, on August 18, 2025, Respondents filed their answer to the Petition. (ECF 23.) They explained that the ERO's request to Jamaica remains outstanding, and that the ERO also recently submitted a supplemental request to the Jamaican consulate. Respondents further explained that, under Executive Order 14165, Ms. Odiase's case has been elevated to Removal and International Operations ("HQ RIO") for review. HQ RIO submitted Ms. Odiase's information to the Department of Homeland Security, Department of State, and Homeland Security Counsel to identify a third country for removal and a potential third country for removal has been identified. (ECF 23 at 10-11.) In support of these factual assertions, Respondents produced a supplemental declaration of Officer Coulibaly. (*Id.*; ECF 23-2.)[2]

In August 2025, ICE's HG RIO received information that Ms. Odiase was accepted for removal to the country of Ghana. She was transferred to an ICE facility in Louisiana in preparation for removal. The night before her scheduled flight, which was to be on September 5, 2025, Ms. Odiase filed an emergency motion for a temporary restraining order asking the Court to enjoin her removal. (ECF 27.) The Court initially granted Ms. Odiase's motion for temporary injunctive

---

[2] Odiase's reply to Respondents' answer was originally due by September 18, 2025. *See* LCvR 2241.D.2. She moved for extensions pending the resolution of discovery disputes, which were granted. (ECF 38, 40, 50-51.) Her reply is now due on October 31, 2025.

4

relief for the limited purposes of "preserv[ing] the status quo…only so long as is necessary to develop a fuller record and hold a hearing." (ECF 31.) However, following additional briefing and oral argument, the Court, in a memorandum order issued September 18, 2025, denied Ms. Odiase's motion, finding it lacked jurisdiction over her requests for emergency injunctive relief and therefore could not address her arguments regarding the process to which she is due relative to her potential removal to Ghana. (ECF 41.)

On September 26, 2025, this magistrate judge held a telephone conference to address discovery disputes. (ECF 45.) Following this conference, Ms. Odiase filed the pending motion to compel (ECF 46), which Respondents opposed. (ECF 48.) Notably, in her motion Ms. Odiase explains that on September 30, 2025, ICE conducted a panel interview with her and her counsel as part of the 180-day custody review process and that ICE is expected to make a new decision as to her custody based on relevant regulations "in the coming weeks." (ECF 46 at 7 n.8.)

**II.     Discussion**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Harris v. Nelson*, 394 U.S. 286, 300 (1969) ("broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding."). Discovery is authorized in Rule 6(a) of the Rules Governing Section 2254 Cases, which also applies to § 2241 cases, only upon a showing by the petitioner of "good cause," which may be made "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is… entitled to relief[.]" *Harris*, 394 U.S. at 300; *see Bracy*, 520 U.S. at 908-09; *Lee v. Glunt*, 667 F.3d 397, 404 (3d Cir. 2012).

"The burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production." *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011). "[B]ald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery" *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir. 1991); *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987) (same). Additionally, Rule 6 does not authorize what is commonly referred to as "fishing expeditions" and it is not enough for a petitioner to speculate that the discovery she seeks might yield information that would support one of her claims or that it would give support to a new claim. *See, e.g.*, *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994) (quoting with approval *Munoz v. Keane*, 777 F. Supp. 282, 287 (S.D.N.Y. 1991) ("petitioners are not entitled to go on a fishing expedition through the government's files in hopes of finding some damaging evidence"); *see also Rega v. Wetzel*, 2014 WL 4079949, at *2 (W.D. Pa. 2014); *Tedford v. Beard*, 2010 WL 3885207, at *5 (W.D. Pa. Sept. 28, 2010).

If a court authorizes discovery on a habeas claim, "[t]he scope and extent of such discovery is a matter confided to the discretion of the [court]." *Bracy*, 520 U.S. at 904. Requests for discovery also are subject to relevance and proportionality considerations. *Id.* at 908-09; Fed. R. Civ. P. 26(b)(1) (matters of discovery must be relevant to a party's claim or defense and proportional to the needs of the case). Discovery is not warranted where "the facts relevant to the limited questions currently facing the court…are not in dispute." *Khalil v. Joyce*, 771 F. Supp. 3d 268, 286 n. 6 (S.D. N.Y. 2025).

Under the present circumstances of this case, and upon consideration of the parties' submissions, as well as the discovery that Respondents have produced to Ms. Odiase thus far, and the new information that has emerged since Ms. Odiase filed her Petition on July 9, 2025, the

Court concludes that no additional discovery is warranted on either of the two claims she raised in the Petition. The discovery that Ms. Odiase seeks in her motion to compel is overbroad, not relevant to the narrow issues present by either Count I or Count II, not proportional to the needs of the case, or represent questions that are no longer in dispute. *See, e.g.*, *Atikurraheman v. Garland*, 2024 WL 2819242, at *5 (W.D. Wash. May 10, 2024) (denying the petitioner's discovery requests because, among other things, they were not likely to "generate evidence beyond that which is already in the record and/or evidence that lends any additional weight to Petitioner's claim that his removal is not likely to occur in the reasonably foreseeable future."), report and recommendation adopted, 2024 WL 2818574 (W.D. Wash. June 3, 2024).

Moreover, as established during Ms. Odiase's most recent request for emergency injunctive relief, the government was prepared to effect her removal to a third country around September 5, 2025, refuting the assertion that she makes in the Petition that her removal is not reasonably foreseeable. As the Court recognized when it denied that motion for emergency injunctive relief, it lacks jurisdiction to review the government's efforts to execute her removal order to Ghana or elsewhere. As Respondents correctly point out, Odiase may not use discovery as means to circumvent that holding by the Court and obtain information related to the propriety of her third county removal.

### III.    ORDER

Based on the above, Odiase's Motion to Compel (ECF 46) is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules of Court, a party is allowed fourteen (14) days from the date of issuance of this Order to file objections to the district court judge.

SO ORDERED this 22nd day of October, 2025.

<u>/s/ Patricia L. Dodge</u>
PATRICIA L. DODGE
United States Magistrate Judge